1  TERESA C. CHOW, Bar No. 237694
   *tchow@bakerlaw.com*
2  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
3  Los Angeles, California 90025-0509
   Telephone:  310.820.8800
4  Facsimile:   310.820.8859

5  *Attorneys for Defendant*
   PINGORA LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PINGORA LOAN SERVICING, LLC,<br><br>Defendant. | Case No.:<br><br>[Solano Superior Court Case No. FCS058137]<br><br>**DEFENDANT PINGORA LOAN SERVICING, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Action Filed:      April 22, 2022<br>Action Removed: May 16, 2022<br><br>*[Filed Concurrently with Civil Case Cover Sheet; and Corporate Disclosure Statement]* |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

Defendant Pingora Loan Servicing, LLC ("Pingora"), hereby removes Case No. FCS058137 from the Superior Court for the State of California for the County of Solano pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and as grounds for removal states as follows:

1. On April 22, 2022, Plaintiff filed a Complaint in the Superior Court for the State of California for the County of Solano styled *Michael Garcia v. Pingora Loan Servicing, LLC*, Case No. FCS058137 (the "State Court Action"). True and correct copies of the Summons and Complaint, and every other process, pleading, and order in the State Court Action, are attached hereto as Exhibits A – E. Pingora has not yet been served with process in the state court action.

2. The Complaint purports to assert causes of action for violation of the California Consumer Privacy Act of 2018 ("CCPA") and violation of the California Unfair Competition Law.

3. Plaintiff purports to bring these claims on behalf of himself and a putative class consisting of "All California residents whose [personally identifiable information] was subjected to the Data Breach." Compl. ¶ 43.

4. The relief Plaintiff seeks on behalf of himself and the putative class includes actual and punitive damages, equitable relief including restitution, pre-and post-judgment interest, injunctive relief, attorneys' fees, litigation expenses, and costs of suit. Compl., Prayer for Relief.

## JURISDICTION UNDER CAFA

5. This Court has jurisdiction over this matter under CAFA because: (a) minimum diversity exists; (b) the number of putative class members is greater than 100; and (c) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

6.  For purposes of establishing minimum diversity necessary for jurisdiction under CAFA, a limited liability company, such as Pingora, is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009).

7.  Pingora is a limited liability company formed under the laws of Delaware with its principal place of business in Denver, Colorado (Compl. ¶ 13), so it is a citizen of Delaware and Colorado.

8.  Plaintiff and putative class members are citizens of California. Compl. ¶¶ 11, 43.

9.  Thus, minimum diversity exists under CAFA.

10. Plaintiff alleges that "the Class consists of tens of thousands of Defendant's customers in California, including Plaintiff and the Class members" (Compl. ¶ 46), so the number of putative class members is greater than 100.

11. Plaintiff further alleges that each putative class member suffered monetary damages of between $11.33 and $16.58 in overpayment damages, and additional damages as high as $375 per putative class member. Compl. ¶¶ 21-22, 29.

12. Conservatively assuming the putative class has only 20,000 members and individual damages of only $300, the amount in controversy would be $6,000,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

13. The amount in controversy therefore exceeds $5 million.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

14. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action are attached to this Notice of Removal as Exhibits A-E.

15. Pingora has not yet been served with process in the State Court Action. In an abundance of caution, Pingora nonetheless files this Notice of Removal within thirty days of receipt via certified mail of a copy of the then-unfiled Complaint as an enclosure to Plaintiff's April 21, 2022 CCPA Demand Letter. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

16. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Eastern District of California is the federal judicial district embracing the Superior Court for the State of California for the County of Solano, where the State Court Action was originally filed.

## CONCLUSION

By this Notice of Removal, Pingora does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Pingora intends no admission of fact, law or liability by this Notice of Removal, and expressly reserves all defenses, motions and/or pleas.

DATED: May 16, 2022                Respectfully submitted,

**BAKER & HOSTETLER LLP**


By:   */s/Teresa C. Chow*
      Teresa C. Chow

*Attorneys for Defendant*
PINGORA LOAN SERVICING, LLC

# PROOF OF SERVICE

*Michael Garcia v. Pingora Loan Servicing, LLC*

I, Nancy L. Brazil, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard , Suite 1400, Los Angeles, CA 90025-0509. On May 16, 2022, I served a copy of the within document(s):

**DEFENDANT PINGORA LOAN SERVICING, LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☑ by transmitting via e-mail or electronic transmission the document(s) listed above to the e-mail address(es) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error.

| | |
|---|---|
| Abbas Kazerounian, Esq.<br>Mona Amini, Esq.<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, CA 92626<br>Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523<br>E-Mail: ak@kazlg.com<br>mona@kazlg.com | *Attorneys for Plaintiff*<br>Michael Garcia and the Putative Class |

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

1   I declare that I am employed in the office of a member of the Bar of this Court
2   at whose direction the service was made.  Executed on May 16 , 2022, at Los Angeles,
3   California.



Nancy L. Brazil